UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| MARIA SOTO,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>    Defendant. | Case No.: 1:19-cv-07903<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Invasion of Privacy – Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Maria Soto ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Capital One Bank (USA), N.A. ("Capital One" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy -Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Lake County, State of Illinois.

6. Defendant is a bank holding company that provides credit cards, loans, banking and other financial services to consumers. Defendant's principal place of business is located at 4851 Cox Road, Glen Allen, Virginia 23060. Defendant can be served through its registered agent, Corporation Service Company, located at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

8. Defendant is attempting to collect an alleged debt from Plaintiff.

9. In or around February 2019, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on her cellular phone number ending in 5772.

10. On or about February 11, 2019, at approximately 9:16 a.m., Plaintiff received a call on her cell phone from (800) 365-2024; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

11. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

12. Plaintiff clearly stated to the representative she did not want to be called anymore, that she wanted to be contacted by mail and that she would call Defendant when she was able to make a payment.

13. Despite Plaintiff's clear request to not be called anymore and to be contacted by mail, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cell phone.

14. Again, on or about May 11, 2019, at approximately 12:40 p.m., Plaintiff received a call on her cell phone from (800) 365-2024; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

15. During this conversation, Plaintiff spoke to a representative, Kinia, who indicated that Defendant was attempting to collect a debt. Defendant attempted to collect a debt from Plaintiff.

16. Again, Plaintiff stated that she wanted to be contacted by mail only, and that she would call Defendant when she could make a payment., effectively revoking consent to be called for the second time.

17. Plaintiff's second revocation was ignored and Defendant continued to bombard Plaintiff's cell phone with automated debt collection calls.

18. Between February 11, 2019 and July 31, 2019, Defendant called Plaintiff on her cellular phone approximately two-hundred seventy-five (275) times after Plaintiff requested to not be called anymore and to be contacted by mail only on multiple occasions.

19. Defendant called Plaintiff multiple times in a single day, almost every time it called Plaintiff.

20. Defendant even left numerous pre-recorded voicemails on Plaintiff's cell phone.

21. Defendant's conduct was done willfully and knowingly.

22. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

23. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

24. Further, the conduct was done with such frequency so as to harass Plaintiff.

25. Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated her stress.

26. Plaintiff stopped working within the last two (2) years to stay home and take care of her little children, thereby decreasing the housing income significantly.

27. Since then Plaintiff and her spouse have been having financial hardships.

28. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an

award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion Upon Seclusion)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

34. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for Defendant to contact Plaintiff in writing only.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to be contacted in writing only constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and daily schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maria Soto, respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

    A. Declaratory judgement that Defendants violated the TCPA;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    E. Actual and punitive damages resulting from the invasion of privacy;

    F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct;

    G. Awarding Plaintiff any pre-judgement and post-judgement interest as may be allowed under the law; and

    H. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 2nd day of December 2019.

                                           **PRICE LAW GROUP, APC**

                                           By: /s/ *David A. Chami*
                                           David A. Chami, (AZ #027585)
                                           Price Law Group, APC
                                           8245 North 85th Way
                                           Scottsdale, AZ 85258
                                           T: (818) 600-5515
                                           F: (818) 600-5415
                                           E: david@pricelawgroup.com
                                           *Attorneys for Plaintiff,*
                                           *Maria Soto*